# FILED UNDER SEAL

Prob12C
D/NV Form
Rev. March 2017

# United States District Court
## for
## the District of Nevada

## PETITION FOR SUMMONS
## FOR OFFENDER UNDER SUPERVISION

Name of Offender: **Dorian Marshane Givens**

Case Number: **2:19CR00021**

Name of Sentencing Judicial Officer: **Honorable Richard F. Boulware**

Date of Original Sentence: **September 18, 2019**

Original Offense: **Felon in Possession of a Firearm, a Class C Felony**

Original Sentence: **Time Served, followed by 36 Months TSR.**

Date Supervision Commenced: **September 18, 2019**

Name of Assigned Judicial Officer: **Honorable Richard F. Boulware**

## PETITIONING THE COURT

☒ To issue a summons:

The probation officer believes the offender has violated the following condition(s) of supervision:

1. **You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.**

   On September 18, 2019, Mr. Givens failed to report to the U.S. Probation Office within 72 hours of his release. On September 25, 2019, Mr. Givens reported to the U.S. Probation office. The undersigned officer inquired why he was delayed in reporting as instructed by the Court. Mr. Givens reported that he was confused with the Court's orders.

RE: **Dorian Marshane Givens**

2. **Mental Health Treatment – You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, modality, duration, intensity, etc.)**

   On November 6, 2019, Givens was assessed by Bridge Counseling for mental health treatment services. The assessment reflected him needing weekly outpatient counseling services. On December 17, 2019, and January 16, 2020, Bridge Counseling reported Givens was compliant with counseling services.

   However, on February 18, 2020, the undersigned was notified by Bridge Counseling that Givens was non-compliant with treatment services. The counselor reported Givens had missed three consecutive weeks of counseling sessions, and that multiple attempts had been initiated to contact Givens without success. On April 16, 2020, the undersigned was again notified by Bridge Counseling that Givens continues to miss counseling sessions. Givens failed to attend any weekly treatment sessions for the month of March 2020.

   On March 9, 2020, during a status hearing before Your Honor, Givens was directed by the Court to reestablish himself with counseling services. On May 22, 2020, Givens was unsuccessfully discharged from Bridge Counseling due to his refusal to schedule his counseling appointments. His therapist and the undersigned officer have repeatedly directed him to schedule an appointment and he simply refuses.

3. **Full Time Employment – You must obtain full time within 6 months/180 days and after the completion of GPS tracking condition.**

   On September 25, 2019, U.S. Probation Officer Annis Seopaul-Sones, Sr. U.S. Probation Officer Tawni Salem and the undersigned officer met with Mr. Givens and his mother at their residence. Givens was directed to attend the Foundations for Independent Living (FIT) job readiness training on September 30, 2019, at 8 a.m. Givens was counseled on using the FIT program as a means to facilitate employment. Mr. Givens failed to attend FIT programming as directed. At this time, Givens appears to simply be unmotivated as all his immediate needs are being met by his mother.

   Givens has been unemployed since beginning his term of supervision on September 18, 2019. He has not provided the undersigned of weekly job search activities.

4. **You must refrain from any unlawful use of a controlled substance.**

   On November 13, 2019 Givens appeared before Your Honor for a status hearing due to multiple violations of the Court's orders including multiple positive marijuana

tests. At that time, Your Honor admonished Givens to live a sober lifestyle and utilize counseling services. Despite the Courts intervention, Givens continued to submit Thirty-five (35) positive drug tests.

On March 9, 2020, Givens again appeared before Your Honor for a status hearing. He was again admonished by the Court to live a stable, sober and responsible lifestyle. On June 1st, 4th, 6Th and 8th he submitted negative urine specimens. However, on June 11, 2020 he again tested positive and has continued to test positive. It should be noted the only negative drug tests he has submitted has been during the week of June 1, 2020.

*For the purposes of applying provisions of 18 U.S.C. 3565(b)(4) (mandatory revocation for submitting more than three (3) positive drug tests in a 12-month period), the defendant has submitted forty (40) positive qualifying specimen.*

*If the Court finds that the positive drug test(s) constitutes possession of a controlled substance, the Court is required to revoke supervision and impose a sentence that includes a term of imprisonment. 18 U.S.C. 3565(b), 3583(g). The Court shall also consider whether the availability of appropriate substance abuse programs, or the offender's current or past participation in such programs warrants an exception from the requirement of mandatory revocation and imprisonment under 18 U.S.C 3565(b), 3583(g). 18 U.S.C. 3563(a), 3583(d). US vs Hammonds, 370 F.3d 1032 (10th Circ. 2004).*

5. **Reside at Residential Re-entry Center – You will reside at and participate in the program of residential re-entry center for a term up to 180 days. Subsistence is waived.**

   On November 13, 2019, during a status hearing, Your Honor modified Givens conditions to include 180 days of Residential Reentry Center placement. On November 25, 2019, Mr. Givens began his RRC placement.

   On January 6, 2019, the Director of GEO Reentry Community Correctional Center of Las Vegas contacted the undersigned officer. He reported that Mr. Givens was a "program failure". He advised that the RRC has experienced having issues with residents consuming synthetic marijuana. He further reported when the resident is under the influence of synthetic marijuana, they pose a danger to themselves, other residents and staff. As a result, the RRC has a "zero tolerance" for the violation conduct and Mr. Givens was unsuccessfully discharged from the facility.

RE: Dorian Marshane Givens

Prob12C
D/NV Form
Rev. March 2017

**U.S. Probation Officer Recommendation**:

The term of supervision should be:  ☒ Revoked

I declare under penalty of perjury that the information contained herein is true and correct,

Executed on **June 25, 2020**

Scott Phillips
2020.06.26 08:18:19 -07'00'

_____
Scott Phillips
Senior United States Probation Officer

Approved:

2020.06.26
08:11:12 -07'00'

_____
Joy Gabonia
Supervisory United States Probation Officer

_____

**THE COURT ORDERS**

☐   No Action.
☐   The issuance of a warrant.
☒   The issuance of a summons.
☐   Other:

_____
RICHARD F. BOULWARE, II
United States District Judge

July 1, 2020
_____
Date

RE: Dorian Marshane Givens

Prob12C
D/NV Form
Rev. March 2017

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
## UNITED STATES V. DORIAN MARSHANE GIVENS, 2:19CR00021

### SUMMARY IN SUPPORT OF PETITION FOR SUMMONS
June 25, 2020

Mr. Givens has been provided considerable grace with the Court. The Court originally departed downward from the custodial guideline range of fifteen (15) to twenty-one (21) months to a "time served" sentence. He has appeared multiple times for status hearing for the alleged violation conduct.

Despite outpatient rehabilitative programming provided, formal drug testing by Westcare, previously being unsuccessfully terminated from the RRC placement, being on Location Monitoring and the undersigned officer working with Mr. Givens, he continues to violate the Court's orders

As reflected in his presentence report, he has a substantial criminal history related to the following:

- Petit Larceny
- Multiple traffic infractions
- Five separate convictions for Domestic Battery
- Malicious Destruction of Property
- Multiple drug offenses
- Multiple offenses for being in Contempt of Court

He also has prior arrests for:

- Grand Larceny of Vehicle
- Possession of Unregistered Firearm
- Sexual Assault & Open Gross Lewdness
- Numerous Domestic Battery arrest(s)
- Assault with Deadly Weapon
- Coercion with Force or Threat of Force, Domestic Battery by Strangulation,

Despite Given's statements at the multiple status hearings to the contrary, the undersigned believes Mr. Givens' behavior reflects someone that has a belief he is not accountable for his actions. His behavior simply reflects someone whom appears to believe he is beyond being held accountable for his conduct.

On June 8th, 2020, the undersigned officer was contacted by his mother, Mary Jo Adanadus-Bell. She reported Givens had been excessively consuming alcohol for the past several weeks and had threatened her with harm. She reported he further mistreats a girlfriend he has been seeing. She reported because of his aggressive behavior and being fearful that he would become violent with

RE: **Dorian Marshane Givens**

Prob12C
D/NV Form
Rev. March 2017

her; she contacted the Las Vegas Metropolitan Police Department in late May 2020. She provided the undersigned a written statement regarding Givens conduct with her.

As of June 11, 2020, Givens reported he was without a viable residence and was living out of his car. He was provided information on local resources for housing but has not reported where he resides at.

As a result of the totality of risks posed in this matter, the undersigned believes revocation action is needed as his conduct places the community at risk.

Respectfully submitted,

Scott Phillips
2020.06.26 08:37:44 -07'00'

_____
Scott Phillips
Senior United States Probation Officer


Approved:

2020.06.26 08:12:55 -07'00'

_____
Joy Gabonia
Supervisory United States Probation Officer